UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60560-LEIBOWITZ/AUGUSTIN-BIRCH

**WILLIE LEE MCCREARY,**

 Plaintiff,

v.

**KAREEM FOOD WORLD, INC.,** *et al.***,**

 Defendants.

_____/

**REPORT AND RECOMMENDATION ON JOINT MOTION TO APPROVE SETTLEMENT AND PLAINTIFF'S VERIFIED MOTION FOR DEFAULT JUDGMENT**

 This cause comes before the Court on a Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action Against Defendants Kareem Food World, Inc. and Abdel Ayesh With Prejudice. DE 36. The cause also comes before the Court on Plaintiff Willie Lee McCreary's Verified Motion for Default Judgment. DE 31. Plaintiff filed supplemental briefing with attachments. DE 43. The Honorable David S. Leibowitz, United States District Judge, referred the Motions to the undersigned United States Magistrate Judge. DE 33; DE 37. The Court has carefully considered the Motions and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action Against Defendants Kareem Food World, Inc. and Abdel Ayesh With Prejudice [DE 36] be **GRANTED** and that Plaintiff's Verified Motion for Default Judgment [DE 31] be **GRANTED IN PART AND DENIED IN PART**.

Plaintiff filed a one-count Complaint under the Fair Labor Standards Act ("FLSA") against Defendants Kareem Food World, Inc., Friends Miami Venture LLC, Abdel Ayesh, Mohammed H. Hossain, and Atm Zahir Uddin Mahammud. DE 1. Plaintiff contended that the five Defendants were jointly and severally liable for minimum and overtime wages that went unpaid from April 11, 2021, to March 13, 2024. *Id.* at 4–5; DE 1-3. Plaintiff later dismissed his claim against Defendant Mohammed H. Hossain. DE 38; DE 39. Plaintiff has settled his claims against Defendants Kareem Food World, Inc. and Abdel Ayesh (the "settling Defendants"), and these three parties (the "settling parties") have jointly moved for the Court to approve their Settlement Agreement. DE 36. Plaintiff moves for a default judgment against Defendants Friends Miami Venture LLC and Atm Zahir Uddin Mahammud (the "defaulting Defendants"). DE 31. The Court addresses each of the Motions.

**I.      Joint Motion to Approve Settlement**

The Settlement Agreement appears at docket entry 43-3.[1] The Settlement Agreement resolves Plaintiff's claim to minimum and overtime wages that went unpaid from April 11, 2021, to February 28, 2023. *See* DE 43-3 at 1 ("Excluded from this Agreement is compensation for unpaid wages for the period of March 2023 through March 2024."). For that period of time, Plaintiff will receive $16,003.50, with half of the amount representing unpaid wages and half representing liquidated damages. *Id.* at 2. The payment to Plaintiff includes $500 in consideration for a general release. *Id.* at 1. The Court presumes that this consideration is included in the portion of the payment attributable to liquidated damages. The settling Defendants also "agree to pay the cost of mediation held on December 13, 2024 in addition to

---

[1] The Settlement Agreement appearing at docket entry 43-3 is an amended version of the one appearing at docket entry 36-1.

any agreed Settlement Amount." *Id.* at 3. Plaintiff's counsel will receive $16,995.50 for fees and costs. *Id.* at 2.

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

The settling parties apply the *Leverso* factors to the facts of this case in their Joint Motion. DE 36 at 4–5. To summarize, the settling parties state that they are represented by counsel experienced in handling FLSA matters and that they reached the settlement without fraud or collusion. *Id.* at 4. Continued litigation would have required exchanging and analyzing thousands of documents, taking numerous depositions, and expending significant time and resources to prepare for and attend trial. *Id.* The expense of litigation would have surpassed the amount of the settlement. *Id.* The settling parties exchanged written discovery prior to settling. *Id.* They continue to dispute several issues, such as whether Plaintiff worked compensable time without compensation, the number of overtime hours he worked, and whether the settling Defendants acted willfully or in good faith in how they paid Plaintiff. *Id.* at 4–5. The settling

3

parties settled to avoid the risks, uncertainty, and costs of continued litigation. *Id.* Their counsel believe that the settlement is a fair and reasonable resolution of Plaintiff's claims. *Id.* at 5.

The Court has considered the settling parties' arguments and has conducted its own review of the record. The settling parties reached their settlement at mediation and avoided further discovery and substantive motion practice, which would have resulted in the additional accumulation of fees and costs. The settling parties had the assistance of counsel in resolving this case, and the Court has no reason to suspect that the settlement is a product of fraud or collusion. The Court concludes that application of the *Leverso* factors to this case demonstrates that the settlement is a fair and reasonable resolution of a bona fide dispute.

The Settlement Agreement contains a mutual general release. DE 43-3 at 1. A general release seeks to release claims not asserted in the pleadings. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). A court may approve a general release if the plaintiff is given additional consideration for the release beyond what the plaintiff is entitled to under the FLSA. *Vega*, 2021 WL 8946186, at *2.

Here, Plaintiff is receiving $500 in consideration for the mutual general release. DE 43-3 at 1. The settling parties have received the advice of experienced FLSA counsel, and counsel believe that the settlement is fair and reasonable in its entirety. Under these circumstances, the Court concludes that the mutual general release is fair and reasonable.

4

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel will receive $16,995.50 for fees and costs under the Settlement Agreement. DE 43-3 at 2. Counsel filed a copy of their billing statement for their work on this case. DE 43-1. The billing statement reflects $20,740 in billed fees for 54.1 billable hours worked. *Id.* at 9. Plaintiff agreed to a reduction of the $20,740 in billed fees as part of the negotiations and compromise to reach a settlement. *See* DE 36 at 6 ("The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues."); DE 43 at 1 ("Plaintiff's counsel is receiving reimbursement of costs plus an amount as fees essentially equivalent to what Plaintiff is receiving, which represents a 30% compromise to Plaintiff's counsel's fees and costs."). Plaintiff incurred $993 in costs for this case, consisting of the court filing fee and service fees. DE 43 at 2; DE 43-2.

The Court concludes that the $16,995.50 payment to be made to Plaintiff's counsel for fees and costs is reasonable compensation for the hours reflected in the billing statement [DE 43-1] and for the costs of court filing and service. To be clear, the Court does not believe that any additional compensation would be reasonable for those hours and costs.[2]

The Court has reviewed the remaining clauses of the Settlement Agreement. They include various standard provisions. *See* DE 43-3. The Court concludes that the Settlement

---

[2] The billing statement reflects fees for time worked to collect against the defaulting Defendants, such as time to prepare the Verified Motion for Default Judgment. *See* DE 43-1 at 8. The costs statement reflects the costs to serve the defaulting Defendants. *See* DE 43-2. The Court believes that the payment to be made to Plaintiff's counsel under the Settlement Agreement reasonably compensates counsel for these fees and costs.

Agreement is fair and reasonable in its entirety. The Court recommends that the Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action Against Defendants Kareem Food World, Inc. and Abdel Ayesh With Prejudice [DE 36] be **GRANTED**, that the Settlement Agreement [DE 43-3] be **APPROVED**, and that Plaintiff's claims against Defendants Kareem Food World, Inc. and Abdel Ayesh be **DISMISSED WITH PREJUDICE**. Per the settling parties' agreement, the Court recommends retention of jurisdiction to enforce the Settlement Agreement. *See* DE 43-3 at 4.

## II.   Motion for Default Judgment

Plaintiff seeks a default judgment against the defaulting Defendants in the amount of $71,094.28 to compensate Plaintiff for minimum and overtime wages that went unpaid from March 1, 2023, to March 13, 2024, together with liquidated damages. DE 31 at 2–3; DE 31-1 at 2. Affidavits of service in the record indicate that both defaulting Defendants were served with process. *See* DE 12 (reflecting service of process on Defendant Friends Miami Venture LLC through its manager Atm Zahir Uddin Mahammud); DE 13 (reflecting service of process on Defendant Atm Zahir Uddin Mahammud). The defaulting Defendants have never appeared in this case or answered the Complaint, and the time for them to do so has passed. The Clerk of Court entered default against the defaulting Defendants. DE 21.

### A. Liability

A court may enter a default judgment against a party who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG*

6

*Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quotation marks omitted). The defaulting defendant does not, however, admit facts that are not well-pleaded or admit conclusions of law. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). A court considering entering a default judgment must ensure that the pleading states a claim upon which relief can be granted. *Id.* (explaining that entry of default judgment is warranted only if the pleading contains well-pled allegations of fact that would be sufficient to survive a motion to dismiss for failure to state a claim).

"Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" the federal minimum wage of $7.25 per hour. 29 U.S.C. § 206(a). Further,

> no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [forty] hours . . . at a rate not less than one and one-half times the regular rate at which he is employed.

*Id.* § 207(a)(1). An employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee," and an employee is "any individual employed by an employer." *Id.* § 203(d), (e)(1). An enterprise is engaged in commerce or in the production of goods for commerce when it (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (2) has "annual gross volume of sales made or business done [of] not less than $500,000." *Id.* § 203(s)(1)(A).

7

Plaintiff pled that Defendant Friends Miami Venture LLC employed him as a butcher and that Defendant Atm Zahir Uddin Mahammud was its owner and/or manager and therefore also his employer. DE 1 ¶¶ 16, 22. Plaintiff pled (1) Defendant Friends Miami Venture LLC "has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper"; and (2) "[u]pon information and belief, [Defendant Friends Miami Venture LLC's] gross sales or business generated was over $500,000 per year." *Id.* ¶¶ 11, 12. These two allegations are sufficient to plead that Defendant Friends Miami Venture LLC is an enterprise engaged in commerce or in the production of goods for commerce. *See Certain v. Van Horst Gen. Contractors, LLC*, No. 20-60395-CIV, 2020 WL 10618316, at *2 (S.D. Fla. Apr. 10, 2020) (concluding that an allegation that the defendant's employees were "handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce" was "adequate at the pleading stage"); *Williams v. Core Energy Inc.*, No. 1:22-21570-Civ, 2023 WL 5677543, at *4 (S.D. Fla. Aug. 3, 2023) ("To meet the second element, a plaintiff may simply allege that on 'information and belief' the enterprise has an annual gross revenue of at least $500,000."), *report & recommendation adopted*, 2023 WL 5676896 (S.D. Fla. Sept. 4, 2023). Finally, Plaintiff pled that the defaulting Defendants failed to pay him the minimum and overtime wages that the FLSA requires. DE 1 ¶¶ 23, 24.

Plaintiff pled sufficient allegations against the defaulting Defendants for unpaid minimum and overtime wages under the FLSA. The defaulting Defendants, by their default, admitted those allegations. Thus, the defaulting Defendants are liable for violation of the FLSA, and Plaintiff is entitled to a default judgment against them.

8

### B. Damages

Turning to the amount of the default judgment, "allegations relating to the amount of damages are not admitted by virtue of default," and "the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co.*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). A court may conduct an evidentiary hearing before entering default judgment if a hearing is needed to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). But an evidentiary hearing is not a *per se* requirement of entry of default judgment. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). No hearing is needed "where all essential evidence is already of record." *Id.* That evidence may take the form of affidavits. *Carlisle v. Nat'l Com. Servs., Inc.*, 722 F. App'x 864, 870 (11th Cir. 2018); *see also Brown v. Everest Moving & Storage, Inc.*, No. 12-62530-CIV, 2013 WL 12126001, at *2 (S.D. Fla. Aug. 20, 2013) ("Affidavits based on personal knowledge can be sufficient evidence to establish damages.").

Plaintiff calculates his damages for the period of March 1, 2023, to March 13, 2024, in a sworn declaration. DE 31-1. He calculates his unpaid minimum wages based on the Florida minimum wage rather than on the federal minimum wage. *Id.* at 2. But Plaintiff pled a single count under the FLSA. DE 1 at 4. He did not plead a state claim for minimum wages.

The FLSA contains a savings clause explaining that the federal minimum wage does not preempt a higher state minimum wage. *See* 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this

chapter . . . ."); 29 C.F.R. § 541.4 ("The Fair Labor Standards Act provides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comply, for example, with any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or lower maximum worked than those established under the Act."). But the saving clause does not establish that Plaintiff, having pled only an FLSA claim, may recover damages that are calculated based on the state minimum wage. *See, e.g.*, *Bowers v. Trading Card World LLC*, No. 22-22897-Civ, 2023 WL 5154316, at *4 (S.D. Fla. July 26, 2023) ("Bowers, however, has failed to take into account that, under the FLSA, he is only entitled to the federal minimum hourly wage of $7.25."), *report & recommendation adopted*, 2023 WL 5139371 (S.D. Fla. Aug. 10, 2023); *Jesus v. CMR Constr. & Roofing, LLC*, No. 9:22-cv-81856, 2023 WL 11878201, at *6 (S.D. Fla. May 18, 2023) ("Plaintiff is not, however, entitled to the amount he seeks for unpaid minimum wages. First, Plaintiff only asserts a claim for unpaid minimum wages under the FLSA, not the corresponding Florida Minimum Wage Act. The FLSA contains no provision requiring the payment of the higher state minimum wage and, thus, Plaintiff is only entitled to recover the lower minimum wage rate mandated under the FLSA, which currently sets the minimum wage at $7.25 per hour."); *Bonich v. NAS Component Maint., Inc.*, No. 20-21582-CIV, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020) ("The Fair Labor Standards Act only entitles Plaintiff to the federal minimum wage.").

The Court is aware that, "[w]ithin Florida, some district courts calculate damages due on default using the Florida rate, citing the FLSA's savings clause." *Ical v. Neljosh Remodeling, Inc.*, No. 3:22cv23704, 2024 WL 2703757, at *4 (N.D. Fla. Feb. 5, 2024) (citing conflicting caselaw on the issue of whether an FLSA plaintiff can recover damages that are calculated based

on the state minimum wage but finding more persuasive the caselaw holding that a plaintiff who brings suit exclusively under the FLSA must calculate damages based on the federal minimum wage). This Court agrees with the caselaw holding that a plaintiff who sues exclusively under the FLSA may only recover damages on default based on the federal minimum wage. Judge Leibowitz, the District Judge assigned to this case, has also agreed with that caselaw in at least two instances. *See Cortez v. Hellenic Republic, Inc.*, No. 0:24-CV-60999, 2025 WL 297362, at *3 (S.D. Fla. Jan. 8, 2025) ("But Plaintiff has only brought an FLSA claim against Defendants for his unpaid minimum wages. As such, Plaintiff can only recover the federal minimum wage of $7.25 per hour." (citation omitted)); *report & recommendation adopted*, 2025 WL 297315 (S.D. Fla. Jan. 24, 2025); *Gorman v. Stealth Constr. US, Inc.*, No. 0:24-CV-60763, 2025 WL 580526, at *3 (S.D. Fla. Feb. 5, 2025), *report & recommendation adopted*, 2025 WL 578502 (S.D. Fla. Feb. 21, 2025).

Accordingly, the Court calculates Plaintiff's unpaid minimum wages based on the federal minimum wage of $7.25 per hour. Plaintiff asserts in his declaration that, for 54.14 weeks, he worked an average of 72 hours per week and was paid an average of $350 per week. Using these figures, his unpaid minimum wages total $9,312.08 ($7.25 hourly minimum wage x 72 hours per week = $522 - $350 weekly wages paid = $172 weekly unpaid minimum wages x 54.14 weeks = $9,312.08).

Plaintiff's unpaid overtime wages are correctly calculated by using the Florida minimum wage to establish his regular rate. *See* 29 C.F.R. § 778.5 (stating that, for the purpose of calculating overtime compensation under the FLSA, an employee's regular rate "cannot be lower than such applicable [state] minimum, for the words 'regular rate at which he is employed' as

used in [the FLSA] must be construed to mean the regular rate at which he is lawfully employed"). For the period of March 1, 2023, to September 29, 2023, Florida's minimum wage was $11 per hour, *see* Fla. Const. art. 10, § 24(c), making Plaintiff's hourly overtime rate $16.50 ($11 x 1.5 = $16.50) and making his unpaid hourly overtime rate $9.25 ($16.50 - $7.25 hourly minimum wage = $9.25). Plaintiff asserts in his declaration that, for 30.43 weeks, he worked an average of 32 overtime hours per week. Using these figures, his unpaid overtime wages for the period of March 1, 2023, to September 29, 2023, total $9,007.28 ($9.25 unpaid hourly overtime rate x 32 hours per week x 30.43 weeks = $9,007.28).

For the period of September 30, 2023, to March 13, 2024, Florida's minimum wage was $12 per hour, *see id.*, making Plaintiff's hourly overtime rate $18 ($12 x 1.5 = $18) and making his unpaid hourly overtime rate $10.75 ($18 - $7.25 hourly minimum wage = $10.75). Plaintiff asserts in his declaration that, for 23.71 weeks, he worked an average of 32 overtime hours per week. Using these figures, his unpaid overtime wages for the period of September 30, 2023, to March 13, 2024, total $8,156.24 ($10.75 unpaid hourly overtime rate x 32 hours per week x 23.71 weeks = $8,156.24).

Plaintiff's unpaid minimum and overtime wages total $26,475.60 ($9,312.08 + $9,007.28 + $8,156.24 = $26,475.60). An employer who does not pay minimum or overtime wages as the FLSA requires is liable to the employee in the amount of the unpaid wages and "in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of" the FLSA, then "the court may, in its sound discretion, award no liquidated damages or award any

12

amount thereof not to exceed the amount" of unpaid wages. *Id.* § 260. As the defaulting Defendants have not shown that they acted in good faith and had reasonable grounds for believing they were not violating the FLSA, Plaintiff is entitled an additional $26,475.60 in liquidated damages. Plaintiff's damages total $52,951.20. The Court recommends that Plaintiff's Verified Motion for Default Judgment [DE 31] be **GRANTED IN PART AND DENIED IN PART** and that default judgment be entered in favor of Plaintiff and against Defendants Friends Miami Venture LLC and Atm Zahir Uddin Mahammud in the amount of $52,951.20.

### III.     Recommendation

Based on the foregoing, the Court recommends that the Joint Motion to Approve Settlement of FLSA Claims and Joint Motion to Dismiss the Action Against Defendants Kareem Food World, Inc. and Abdel Ayesh With Prejudice [DE 36] be **GRANTED**, that the Settlement Agreement [DE 43-3] be **APPROVED**, and that Plaintiff's claims against Defendants Kareem Food World, Inc. and Abdel Ayesh be **DISMISSED WITH PREJUDICE**, with retention of jurisdiction to enforce the Settlement Agreement. The Court further recommends that Plaintiff's Verified Motion for Default Judgment [DE 31] be **GRANTED IN PART AND DENIED IN PART** and that default judgment be entered in favor of Plaintiff Willie Lee McCreary and against Defendants Friends Miami Venture LLC and Atm Zahir Uddin Mahammud in the amount of $52,951.20.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby

notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 26th day of February, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE